LAWRENCE CAPITOL, INC., Plaintiff,

v.

STANLEY–WARNER CORPORATION et al., Defendants (two cases).

Civ. A. Nos. 54–871–C and 55–332–C.

United States District Court
D. Massachusetts.

July 12, 1962.

See, also, 152 F.Supp. 889.

Civ. A. No. 54–871–C:

Jean C. Campopiano, Lawrence, Mass., Russell W. Hardy, Sr., Washington, D. C., and James P. Reardon, Newburyport, Mass., for plaintiff.

Robert W. Meserve, Nutter, McClennen & Fish, Richard L. Brickley, Boston, Mass., Max Goldstein, Lawrence, Mass., Philip Cronin, Boston, Mass., James H. Eaton, Raymond M. Sullivan, Lawrence, Mass., for defendants.

Civ. A. No. 55–332–C:

Jean C. Campopiano, Lawrence, Mass., James P. Reardon, Newburyport, Mass., and Russell W. Hardy, Sr., Washington, D. C., for plaintiff.

Robert W. Meserve, Nutter, McClennen & Fish, Boston, Mass., Richard L. Brickley, Boston, Mass., Max Goldstein, James H. Eaton, Raymond M. Sullivan, Lawrence, Mass., for defendants.

CAFFREY, District Judge.

At the conclusion of plaintiff's evidence, four motions for a directed verdict under Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. were filed. One motion was filed on behalf of the TCF Film Corporation, Twentieth Century-Fox Film Corporation, Loew's Incorporated, Paramount Film Distributing Corporation, Paramount Pictures, Incorporated, RKO Pictures, Incorporated, Columbia Pictures, Incorporated, Universal Film Exchanges, Incorporated, United Artists Corporation, and Republic Pictures Corporation. A second motion was filed on behalf of Twentieth Century-Fox Film Corporation and Loew's Incorporated. These two motions were joined in by the Warner defendants.

A third motion was filed on behalf of Essex Savings Bank, and a fourth motion was filed on behalf of Empire Amusement Company, Broadway Theatre Company, Roland R. Siskind, and Linka Siskind, administratrix of the estate of Harold M. Siskind.

Having read the briefs submitted and heard argument of counsel, I am persuaded that all motions for directed ver-

dict should be granted for the following reasons:

[1] (1) There has not been presented in this record sufficient evidence of any conspiracy between any defendant and any other defendant or between any defendant and any other conspirator not named as a defendant to justify submitting to this jury for determination the issue of whether or not a conspiracy existed in violation of the antitrust laws of the United States. This would be true even if the Court had not allowed this morning, in the absence of the jury, Mr. Meserve's motion to strike all of the opinion evidence of the witness Mr. Campopiano relative to the comparative value of the bids submitted on behalf of the plaintiff Capitol Theatre when compared with the bids submitted on behalf of the Astor Theatre or when compared with the bids submitted on behalf of the various theatres operated by the Stanley-Warner defendants. The plaintiff failed to produce a minimum quantity of evidence of conspiracy or even a sufficient amount of evidence of conscious parallelism on the part of the defendants necessary to raise the jury question on the issue of illegal conspiracy.

(2) The record is devoid of evidence tending to raise a jury question as to whether plaintiff did or did not receive a fair opportunity to compete for first run, Grade A motion pictures in Lawrence, Massachusetts. In fact, such evidence as was offered on this point not only failed to indicate that plaintiff did not get a fair opportunity but affirmatively shows that plaintiff was given a fair or perhaps a little better than fair percentage of the available first run Grade A pictures on which the plaintiff elected to submit a bid, having in mind the number of theatres competing in Lawrence during the years 1952, 1953, and 1954, and their relative size and earning capacity.

(3) There is no evidence in this record to sustain plaintiff's contention that plaintiff's financial losses were caused by the lack of first-run Grade A movies. On the contrary, such evidence as was presented indicated that the plaintiff made a profit in the actual exhibition of only two of the thirty-nine first-run Grade A pictures on which it successfully bid during this period. The record indicates that plaintiff lost money on all thirty-seven of the remaining Grade A pictures it exhibited during this period. The record shows that the plaintiff was unable to make a profit with Grade A pictures which were available and were exhibited by the plaintiff theatre.

(4) The plaintiff has failed, in my judgment, to offer admissible evidence of its alleged damages during the period. It offered a damage schedule in evidence. I excluded it for the reason that plaintiff sought to take the higher film grosses of the Palace Theatre during the period and subtract from those film grosses the actual film rental that the Palace paid. Then the plaintiff sought to make an additional subtraction, not of the overhead of the Palace Theatre, which would be a proper factor, but sought to deduct the overhead of the Capitol Theatre. Then the plaintiff sought to show to you what the probable profits during that period would be, on that method of computation. I excluded that for the reason that the overhead of the Palace Theatre, on the uncontradicted testimony of the plaintiff's chief witness was $2,670 a week, whereas the overhead of the Capitol Theatre was a lower figure, $1,440 a week. If I had allowed that figure to be used, we would have decreased the expenses of the Palace Theatre by $63,963 a year and to that extent artificially inflated the profit which would have been made by the Palace Theatre during those years. In so doing, we would have artificially inflated the profit which plaintiff says it should have made had it gotten an additional amount of A pictures.

The motions for directed verdict must be allowed because the plaintiff failed to prove by sufficient quantum of admissible evidence that a conspiracy in fact existed, and the plaintiff failed to prove the conspiracy had an impact on

its business or that it suffered reasonably ascertainable damages therefrom.

On page 21 of the brief filed by the defendants in support of their motion for directed verdict, Mr. Meserve points out that in an earlier phase of one of the two cases, Chief Judge Sweeney gave this court's *"imprimatur"* to the system of bidding in effect at least through the end of the calendar year 1952. He points out that the record in this case has nothing to show any change in the operation of that bidding system by the defendants from what Chief Judge Sweeney found through the end of 1952 and during the years 1953 and 1954.

In the light of the presumption that a condition once shown to exist is presumed at law to continue to exist, unless some evidence of change is forthcoming, it is incumbent upon me to add this Court's *"nihil obstat"* to the entry of the *motion* for judgment for the defendants.

I direct a verdict for all of the defendants in each of these two cases.